# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES, | Case No. 1:15-cv-01184-BAM-PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| C/O CRUZ, et al., | |
| Defendants. | |
| | THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's complaint, filed July 30, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 14, 2015 (ECF No. 5).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the R.J. Donovan Correctional Facility in San Diego, brings this civil rights action against defendant correctional officials employed by the CDCR at Kern Valley State Prison, where the events at issue occurred.  Plaintiff names the following individual defendants: Sergeant Custer; Correctional Officer (C/O) Cruz; C/O Garza; C/O Nichols; C/O Lomeli; Psychiatric Technician Gonzales; Psychiatric Technician Rivera.

Plaintiff alleges that on January 31, 2015, C/O Cruz removed Plaintiff from his cell in retaliation for filing inmate grievances against unit staff.  Cruz then placed Plaintiff in mechanical restraints which caused Plaintiff pain.  Plaintiff was placed in a holding cage in the unit rotunda.  Plaintiff alleges that he became extremely distraught, and began to suffer a panic

attack due to his mental health disorder.  Plaintiff alleges that his panic attack "caused C/O Cruz to fly into a fit of rage and he began to douse Plaintiff while in restraints while in cage with pepper-spray." (Compl. p. 3.)  Plaintiff alleges that Defendants Custer, Gonzales and Rivera all witnessed the incident and refused to decontaminate Plaintiff "for 30 min. to 1 hour."  (Id.)  Plaintiff alleges that he suffered "excruciating" effects from the pepper spray and cuts to his wrist from the handcuffs being placed too tightly by Defendant Cruz.  Plaintiff alleges that he was pepper sprayed in retaliation for his filing of complaints against C/O Garza, C/O Nichols and C/O Lomeli.

## III.

## DISCUSSION

### A. Eighth Amendment

#### 1. Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force.  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)(per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).  What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency.  Hudson, 503 U.S. at 8 (quotation marks and citations omitted).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Wilkins, 559 U.S. at 37(quoting Hudson, 503 U.S. at 7)(quotation marks omitted).

In determining whether the use of force was wanton or and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

The Court finds that, liberally construed, Plaintiff has stated a claim for relief against Defendant Cruz for excessive force in violation of the Eighth Amendment.  Plaintiff has alleged

facts indicating that he was restrained in a holding cage and not offering any resistance when C/O Cruz pepper sprayed him. Plaintiff has also alleged facts, construed liberally, indicating that Plaintiff's handcuffs were so tight that they caused him to bleed.

### 2. Failure to Decontaminate

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413F.3d 1036, 1040 (9th Cir. 2005). A prisoner seeking relief for an Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. Gibson v. County of Washoe 290 F.3d 1175, 1187 (9th Cir. 2002). "Deliberate indifference" has both subjective and objective components. A prison official must "be aware of facts the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

Liberally construed, Plaintiff has stated a claim for relief against Defendants Cruz, Custer, Gonzales and Rivera for failure to decontaminate Plaintiff in violation of the Eighth Amendment. The facts alleged in the complaint indicate that Defendants Custer, Gonzales and Rivera were aware that Plaintiff had been subjected to pepper spray, and waited for 30 minutes to an hour to decontaminate Plaintiff.

### B. Retaliation

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements:" "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Cartier, 668 F.3d

1  1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 169 (9th Cir. 2009).

2　　　The Court finds Plaintiff's allegations fail to state a cognizable claim.  Plaintiff alleges
3  that Cruz removed Plaintiff from his cell and pepper sprayed him in retaliation for filing inmate
4  grievances against C/O Garza, C/O Nichols and C/O Lomeli.  Such an allegation, with nothing
5  more, is insufficient to state a claim for retaliation.  Plaintiff's speculation fails to link Cruz's
6  conduct with the filing of inmate grievances by Plaintiff.  Plaintiff does not identify when he
7  filed the grievances or why he filed the grievances.  Plaintiff does not allege any facts from
8  which the Court can infer that Cruz's conduct was motivated by Plaintiff's First Amendment
9  activity.  That Plaintiff believes the conduct was motivated by retaliation is insufficient to state a
10 claim for relief.  Plaintiff fails to state a cognizable clam for retaliation.

## IV.

## CONCLUSION AND ORDER

13　　　Plaintiff's complaint states a cognizable claim against Defendant Cruz for excessive force
14 in violation of the Eighth Amendment and against Defendants Cruz, Custer, Gonzales and Rivera
15 for failure to decontaminate Plaintiff in violation of the Eighth Amendment.   The Court will
16 provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies
17 identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

18　　　If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding
19 only against Defendants Cruz, Custer, Gonzales and Rivera in his Eighth Amendment claims,
20 Plaintiff may so notify the Court in writing.  The other defendants and claims will then be
21 dismissed for failure to state a claim.  Plaintiff will then be provided four summons and four
22 USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the
23 United States Marshal to initiate service of process on Defendants Cruz, Custer, Gonzales and
24 Rivera.

25　　　If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a),
26 but must state what each named defendant did that led to the deprivation of Plaintiff's
27 constitutional or other federal rights, Iqbal, 556 U.S. at 678-679; Jones, 297 F.3d at 934.
28 Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

above the speculative level . . . <u>Twombly</u> 550 U.S. at 555 (citations omitted).  The mere possibility of misconduct is insufficient to state a claim.  <u>Iqbal</u>, 556 U.S. at 678.  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 1467, 1474 (7th Cir. 2007)(no "buckshot" complaints).

Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana,Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Cruz on his claim of excessive force in violation of the Eighth Amendment and Defendants Cruz, Gonzales, Custer and Rivera for failure to decontaminate Plaintiff; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **December 4, 2015**           /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE