# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES, | Case No. 1:15-cv-01184-BAM-PC |
| Plaintiff, | ORDER DENYING MOTION REQUESTING APPOINTMENT OF COUNSEL |
| v. | |
| C/O CRUZ, et al., | (ECF No. 24) |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim against Defendant Cruz for excessive force in violation of the Eighth Amendment, and against Defendants Cruz, Gonzales, Custer and Rivera for failure to decontaminate Plaintiff. Plaintiff has consented to magistrate judge jurisdiction, (ECF No. 8), but Defendants have neither consented to nor declined such jurisdiction.

Currently before the Court is Plaintiff's motion to request the appointment of counsel, filed September 2, 2016. (ECF No. 24.) In support of his request, Plaintiff states that he is a state prisoner with limited access to legal research and unlearned in matters of law; has a 12th grade education; is indigent and cannot afford counsel; is unable to obtain evidence due to his incarceration; cannot advance his complaint in a meaningful manner; and that this case is factually and legally complex.

Plaintiff does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney

to represent him pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot find any likelihood of success on the merits. Also, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, filed September 2, 2016 (ECF No. 24) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **January 30, 2017**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE