# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>C/O CRUZ, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01184-BAM-PC<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 17)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Carlos Manuel Flores is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim against Defendant Cruz for excessive force in violation of the Eighth Amendment, and against Defendants Cruz, Gonzales, Custer and Rivera for failure to decontaminate Plaintiff. Plaintiff has consented to magistrate judge jurisdiction, (ECF No. 8), but Defendants have neither consented to nor declined such jurisdiction.

Currently before the Court is Defendants' motion for summary judgment on the grounds that Plaintiff has failed to exhaust his available administrative remedies before bringing this action. Fed. R. Civ. P. 56(c); <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), <u>cert</u>. <u>denied</u>, 135 S. Ct. 403 (2014). (ECF No. 17.) Plaintiff opposed the motion on February 9, 2017, and Defendants replied on February 14, 2017. (ECF Nos. 28, 30.) The motion is deemed submitted. Local Rule 230(l).

1

## II. Legal Standards

### A. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute, or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

### B. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007); Albino, 747 F.3d at 1166. The defendants must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendants carry their burden, then the burden of production shifts to the plaintiff "to come

forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**III. Discussion**

**A. Summary of Relevant Complaint Allegations**

The events at issue occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff alleges that on January 31, 2015, Defendant Cruz removed Plaintiff from his cell in retaliation for filing inmate grievances against unit staff. Defendant Cruz then placed Plaintiff in mechanical restraints, which caused Plaintiff pain. Plaintiff was placed in a holding cage in the unit rotunda. Plaintiff became extremely distraught, and began to suffer a panic attack due to his mental health disorder.

According to Plaintiff, his panic attack caused Defendant Cruz to "fly into a fit of rage" and douse Plaintiff with pepper-spray while Plaintiff was in restraints and in the holding cage. (Compl. p. 3.) Defendants Custer, Gonzales and Rivera all witnessed the incident and refused to decontaminate Plaintiff "for 30 min. to 1 hour." (Id.) Plaintiff suffered "excruciating" effects from the pepper spray and cuts to his wrist from the handcuffs being placed too tightly by Defendant Cruz. (Id.)

**B. Undisputed Material Facts**[1]

On February 18, 2015, Plaintiff submitted Appeal Log No. KVSP-O-15-00408, which states among other things, that on January 31, 2015, Defendant Cruz "harassed [Plaintiff] by placing [him] in cuff's and a holding cage and using O.C. pepper sprayed while [Plaintiff] suffered in the grip of a psychosis." (Form 602 KVSP-O-15-00408, ECF No. 17-4, p. 9) (errors in original). The appeal does not contain any allegations of misconduct against Defendants

---

[1] Defendants' Statement of Undisputed Facts in Support of Motion for Summary Judgment RE: Exhaustion. (ECF No. 17-3).

3

Custer, Gonzales, or Rivera, nor does it contain allegations concerning decontamination or deliberate indifference. (Id.; see also Lucas Decl., ECF No. 17-5, ¶¶ 14-15.) Plaintiff did not file any other appeals regarding Defendants Cruz, Custer, Gonzales, and Rivera. (Voong Decl., ECF No. 17-4, ¶ 6; Lucas Decl. ¶¶ 15-17.)[2]

Plaintiff's Appeal Log No. KVSP-O-15-00408 was characterized as a staff complaint and bypassed the first level of review and was sent directly to the second level of review. (Lucas Decl. ¶ 15.) On March 11, 2015, the second level of review granted the appeal in part in that an investigation was conducted, which determined that staff did not violate the California Department of Corrections and Rehabilitation's ("CDCR") policy through the actions alleged in the inmate appeal. (Id.; see also Mar. 11, 2015. Second Level Resp., ECF No. 17-4, pp. 11-12.) Defendant Cruz was interviewed as part of that investigation, but none of the other Defendants were interviewed, as witnesses or otherwise. (Mar. 11, 2015 Second Level Resp. at p. 11.)

Plaintiff submitted Appeal Log No. KVSP-O-15-00408 to the third level of review. (Voong Decl. ¶ 4.) On June 26, 2015, the third level of review rejected Plaintiff's appeal because he did not comply with regulations governing the appeal process. (Id.; see also Jun. 26, 2015 Office of Appeals Letter, ECF No. 17-4, p. 6.) Specifically, Plaintiff was advised that a citizen's complaint form that he had attached to the submission must be removed, and that he should then resubmit his corrected appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). (Jun. 26, 2015 Office of Appeals Letter.) However, Plaintiff did not properly submit any acceptable appeal, and therefore did not receive a decision or final adjudication of Appeal Log No. KVSP-O-15-00408 at the third level of review. (Voong Decl. ¶¶ 5-6.)

**C.  Analysis**

Defendant argues that Plaintiff's claim should be dismissed because his appeal against Defendant Cruz for excessive force was screened out, and did not include any reference to his allegations against Defendants Custer, Gonzales, and Rivera. Thus, Plaintiff failed to exhaust his administrative remedies with respect to any of the claims that he is pursuing in this case.

---

[2] Plaintiff's appeal also contains allegations against other prison officials who are not defendants in this case for incidents which are not the subject of his claims in this action.

1 | The CDCR has an administrative grievance system for prisoner complaints. Cal. Code
2 | Regs., tit. 15 § 3084.1. Pursuant to this system, an inmate may appeal "any policy, decision,
3 | action, condition, or omission by the department or its staff that the inmate . . . can demonstrate
4 | as having a material adverse effect upon his . . . health, safety, or welfare." Id. at § 3084.1(a).

The process is initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. Id. at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue. Id. at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. Id.

Three levels of review are involved—a first level review, a second level review and a third level review. Id. at §§ 3084.5(c)-(e), 3084.7. Bypassing a level of review may result in rejection of the appeal. Id. at § 3084.6(b)(15). Under the PLRA, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. See, e.g., Barry v. Ratelle, 985 F.Supp. 1235, 1237-38 (S.D. Cal. 1997).

The exhaustion requirement under the PLRA demands "proper" exhaustion. Woodford v. Ngo, 548 U.S. 81, 90–91 (2016). To "properly exhaust" administrative remedies, the prisoner must generally comply with the prison's procedural rules throughout the administrative process. Jones, 549 U.S. at 218. Under the relevant prison regulations, an inmate appeal may be screened out and rejected or cancelled at any level if it failed to comply with Title 15's requirements. See Cal. Code Regs. tit. 15, §§ 3084.6(b)–(c).

In this case, Defendants have presented evidence showing that Plaintiff's inmate appeal concerning the events which are the subject of this action only addressed the alleged use of excessive force by Defendant Cruz on January 31, 2015. None of the other Defendants were named or referenced in Plaintiff's appeal. "[F]or administrative remedies to be exhausted by California prisoners as to defendants who were not identified in the inmate grievance, there must be a 'sufficient connection' between the claim in the appeal and the unidentified defendants such that prison officials can be said to have had 'notice of the alleged deprivation' and an

5

'opportunity to resolve it.'" McClure v. Chen, No. 1:14-cv-00932-DAD-GSA-PC, 2017 WL 1148135, at *3 (E.D. Cal. Mar. 28, 2017) (quoting Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016)). Nothing in the evidence here supports finding that the prison officials had any notice that Defendants' Custer's, Gonzales', or Rivera's witnessed use of pepper spray as Plaintiff alleged, nor did prison officials have any opportunity to resolve the allegations that they were deliberately indifference to Plaintiff's need for decontamination. As noted above, the other Defendants were not named in the appeal, nor were there any references to any witnesses to Defendant Cruz's alleged excessive use of force. Only Defendant Cruz was identified and interviewed as a part of the investigation into this incident, according to the undisputed evidence submitted by Defendants.

Furthermore, although Plaintiff identified Defendant Cruz and complained of excessive force by that officer in his appeal, Defendants have shown that the appeal was rejected at the third level of review for non-compliance with the regulations, and no complaint appeal was ever submitted by Plaintiff. Thus, Plaintiff did not receive any response at the third level, which is necessary to fully exhaust his available administrative remedies against Defendant Cruz.

Based on the foregoing, Defendants have met their burden to establish that Plaintiff did not exhaust the available administrative remedies with respect to any of the claims in this case. The burden therefore shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172.

In Plaintiff's opposition, he makes two conflicting arguments, neither of which meets his burden to provide evidence showing that the administrative remedies were unavailable to him. First, Plaintiff declares that he submitted his appeal to the third level, but he "believes" that the "CDCR staff" destroyed it in an attempt to delay his lawsuit. (ECF No. 28, at pp. 2-3.) These speculations are undermined by the evidence submitted by Defendants that Plaintiff's appeal was reviewed and rejected for non-compliance with the regulations.

Plaintiff also argues that if CDCR staff simply chose not to process his appeal for their own reasons, then he should be deemed to have exhausted his administrative remedies. (Id.) To

the extent Plaintiff is attempting to argue that his inmate appeal was wrongfully cancelled, he has not made a sufficient showing. The Ninth Circuit has recognized an exception to the exhaustion requirement when a prisoner's attempts to exhaust his administrative remedies are "thwarted by improper screening." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). To meet this exception, the prisoner must show (1) that he actually filed a grievance which would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance for reasons inconsistent with or unsupported by applicable regulations. See id. at 823–24.

Here, the reason given for rejecting Plaintiff's appeal at the third level was that he was required to remove a citizen's complaint form attached to his submission. The regulations provide that only support documents that are necessary to clarify the appeal shall be attached to the appeal. Cal. Code Regs. tit. 15, § 3084.2(b)(1). The regulations further define supporting documents as:

> including, but not limited to, classification chromos, property inventory sheets, property receipts, disciplinary reports with supplements, incident reports, notifications of disallowed mail, trust account statements, memoranda or letters, medical records and written requests for interviews, items or services. Supporting documents do not include documents that simply restate the matter under appeal, argue its merits, or introduce new issues not identified in the present appeal form.

Cal. Code Regs. tit. 15, § 3084(h). The regulations also provide that an inmate may not use a citizen's complaint to exhaust his or her administrative remedies properly because it is not part of the CDCR's prescribed grievance process, see Cal. Code Regs. tit. 15, § 3084.5, and that a staff complaint by an inmate must be processed as an appeal, not a citizen's complaint, see Cal. Code Regs. tit. 15 § 3084.9.

Under the regulations, Plaintiff's appeal was properly screened out for failing to comply with the regulations limiting him to only including certain supporting documents, and not allowing the use of a citizen's complaint form. Defendants have also presented evidence that Plaintiff was informed of this issue and directed to resubmit his rejected appeal. Plaintiff provides no evidence that he resubmitted an appeal without the citizen's complaint within the required time frames, nor does Plaintiff explain a reason or justification for failing to conform his

7

1 appeal to the regulatory requirements. See Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS-PC, 2005 WL 2105039 at *5 (E.D. Cal. Aug. 30, 2005) ("Frustration with the process is understandable. However, if there is a process available, it must be utilized, regardless of how tiresome or trying."). Moreover, nothing in the record suggests that the requirement to remove the citizen's complaint form is a "draconian procedural requirement[ ] that would 'trip[ ] up all but the most skillful prisoners'" and render administrative remedies effectively unavailable, so as to excuse a failure to exhaust. See Sapp, 623 F.3d at 827 (quoting Woodford, 548 U.S. at 102). Accordingly, the Court finds that the requirement to remove the citizens' complaint form from Plaintiff's submissions is consistent with applicable regulations.

Based on the foregoing, Plaintiff has not provided evidence that the administrative remedies were unavailable to him. Rather, the undisputed facts demonstrate that Plaintiff failed to exhaust the available administrative remedies for any of the claims in this case. Therefore, Defendants' motion for summary judgment for the failure to exhaust available administrative remedies should be granted, and Plaintiff's case should be dismissed, without prejudice, on that ground.

## IV. Conclusion and Recommendation

For these reasons, the Court HEREBY DIRECTS the Clerk of the Court to assign a Fresno District Judge to this action.

The Court also HEREBY RECOMMENDS that Defendants' motion for summary judgment for the failure to exhaust available administrative remedies, (ECF No. 17), be GRANTED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

///

///

The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 8, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE