UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES,<br><br>            Plaintiff,<br><br>    v.<br><br>C/O CRUZ, et al.,,<br><br>            Defendants. | No. 1:15-cv-01184-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS IN PART, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 17, 34). |

Plaintiff Carlos Manuel Flores is appearing pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's Eighth Amendment claims against defendant Cruz for excessive use of force and against defendants Cruz, Gonzales, Custer and Rivera for deliberate indifference to a risk of serious harm by failing to decontaminate plaintiff. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 9, 2017, the assigned magistrate judge issued findings and recommendations recommending the granting of defendants' motion for summary judgment based upon plaintiff's failure to exhaust his available administrative remedies prior to filing suit as required. (Doc. No. 34.) Those findings and recommendations were served on the parties and contained notice that objections thereto were to be filed within fourteen days. (*Id.*) Plaintiff timely filed objections on

1

August 21, 2017 (Doc. No. 38), along with a declaration in support of his objections (Doc. No. 37). Defendants did not respond to plaintiff's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a de novo review of this case. For the reasons set forth below, the court will adopt the findings and recommendations in part without prejudice to further proceedings addressing the issue of exhaustion before the magistrate judge.

In his complaint, plaintiff alleges as follows. On January 31, 2015, while housed at Kern Valley State Prison, defendant Cruz removed plaintiff from his cell in retaliation for his filing of inmate grievances, put painful mechanical restraints on plaintiff and placed him in a holding cage. (Doc. No. 1 at 2.) Plaintiff became distraught and experienced a panic attack, causing defendant Cruz to "fly into a fit of rage" and douse plaintiff with pepper spray while plaintiff was restrained inside the holding cage. (*Id.* at 3*)* According to plaintiff, defendants Custer, Gonzales, and Rivera all witnessed this incident but refused to decontaminate plaintiff for "30 min. to 1 hour." (*Id.*) As a result, plaintiff suffered "excruciating" effects from the pepper spray and cuts to his wrist from the handcuffs that were too tight. (*Id.*)

In moving for summary judgment based upon plaintiff's failure to exhaust his administrative remedies, defendants came forward with evidence establishing the following. On February 18, 2015, plaintiff submitted a staff complaint appeal describing defendant Cruz's alleged actions. (Doc. No. 17-4 at 9.) That inmate appeal did not mention any involvement by defendants Custer, Gonzales, or Rivera, nor the alleged collective failure of those defendants' to decontaminate plaintiff. (*Id.*) According to the appeals coordinator at Kern Valley State Prison, plaintiff's inmate appeal bypassed the first level of review because it was characterized as a staff complaint and was sent directly to the second level of review. (Doc. No. 17-5 at 5.) On March 11, 2015, plaintiff's appeal was partially granted at the second level of review, resulting in an investigation and a finding that the staff in question did not violate relevant prison policies. (*Id.*) On May 6, 2015, plaintiff submitted an inmate appeal to the third level of review. (*Id.*) On June 26, 2015, the third level of review screened out and rejected plaintiff's appeal because it did not comply with regulations governing the appeal process. (*Id.*) Plaintiff received notice from the

| | |
|---|---|
| 1 | Office of Appeals that his third level appeal erroneously had a citizen's complaint form (to be |
| 2 | used by non-inmates) attached to it and was rejected on that basis. (Doc. No. 17-4 at 6-7.) |
| 3 | In the pending findings and recommendations, the assigned magistrate judge concluded |
| 4 | that nothing in any of plaintiff's inmate appeals referenced alleged misconduct by defendants |
| 5 | Custer, Gonzalez, or Rivera, or discussed an alleged failure to decontaminate plaintiff from |
| 6 | pepper spray. (Doc. No. 34 at 5–6.) Accordingly, the magistrate judge concluded that plaintiff |
| 7 | had failed to exhaust his administrative remedies with respect to the deliberate indifference claim. |
| 8 | (*Id.*) In his objections and supporting declaration, plaintiff does not challenge that |
| 9 | recommendation. (*See* Doc. Nos. 37 and 38.) Accordingly, the findings and recommendations |
| 10 | will be adopted in this respect, and summary judgment will be granted in favor of defendants |
| 11 | Custer, Gonzalez, or Rivera due to plaintiff's failure to exhaust his administrative remedies with |
| 12 | regard to his deliberate indifference claim. |
| 13 | The motion for summary judgment based upon a failure to exhaust administrative |
| 14 | remedies as to plaintiff's excessive use of force claim against defendant Cruz presents itself in a |
| 15 | somewhat different posture. In the pending findings and recommendations, the magistrate judge |
| 16 | fairly construed plaintiff's arguments as being: (1) he believed prison officials simply destroyed |
| 17 | his inmate appeal at the third level of review to delay his filing of a lawsuit; and (2) that his |
| 18 | inmate appeal was improperly rejected, and he therefore should be deemed to have satisfied the |
| 19 | exhaustion requirement. (Doc. No. 34 at 6-7.) The magistrate judge properly rejected both |
| 20 | contentions as unsupported and unpersuasive. (*Id*.) The magistrate judge also specifically noted |
| 21 | that plaintiff had failed to present any evidence that he had re-submitted his rejected inmate |
| 22 | appeal to the third level of review despite having been advised of the requirement that he do so. |
| 23 | (*Id.* at 7-8.) However, in his objections to the findings and recommendations and his declaration |
| 24 | in support thereof, plaintiff now states that he did in fact resubmit his inmate appeal to the third |
| 25 | level following its initial rejection, but never received any response. (Doc. No. 38 at 3; *see also* |
| 26 | Doc. No 37 at 1-2.) |
| 27 | This new evidence was not before the magistrate judge when the findings and |
| 28 | recommendations were issued. In light of plaintiff's pro se status, the undersigned believes it |

appropriate to consider this newly proffered evidence. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (A "district court has discretion . . . to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."); *see also Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013) (noting that, in certain circumstances, a district court abuses discretion by failing to consider new evidence proffered in objections). Construing this new evidence in the light most favorable to plaintiff, there is now evidence before the court on summary judgment establishing a disputed issue of material fact as to whether plaintiff resubmitted his inmate appeal at the third level of review. Ignoring an inmate appeal without a notice of rejection to the prisoner is inconsistent with and unsupported by applicable regulations (*see* Cal. Code Regs. tit. 15, § 3084.5(b)(3)) and could well result in a finding that plaintiff was prevented from exhausting his administrative remedies. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (excusing an inmate's failure to exhaust after he took reasonable steps but was prevented due to mistakes from prison staff); *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009).

Accordingly, summary judgment on exhaustion grounds with respect to plaintiff's excessive use of force claim against defendant Cruz must be denied in light of plaintiff's objections and declaration presenting new evidence. Of course, the denial of summary judgment as to this claim will be without prejudice to further proceedings before the magistrate judge to determine whether plaintiff did in fact exhaust his administrative remedies prior to filing suit with respect to that claim. In this regard, the Ninth Circuit has stated:

> A summary judgment motion made by either party may be, but need not be, directed solely to the issue of exhaustion. If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue. . . . We reiterate that, if feasible, disputed factual questions relevant to exhaustion should be decided at the very beginning of the litigation.

*Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188–90 (1936) (re subject-matter jurisdiction); *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1139–40 (9th Cir.2004) (re venue); *Lake v. Lake*, 817 F.2d

4

1416, 1420 (9th Cir. 1987) (re personal jurisdiction).

For all of the reasons set forth above:

1. The August 9, 2017 findings and recommendations (Doc. No. 34) are adopted in part;

2. Defendants' motion for summary judgment due to plaintiff's failure to exhaust administrative remedies prior to filing suit (Doc. No. 17) is GRANTED in part and DENIED in part;

3. Summary judgment is granted in favor of defendants Cruz, Gonzales, Custer and Rivera with respect to plaintiff's claim against them for deliberate indifference in failing to decontaminate plaintiff; and

4. Summary judgment is denied as to plaintiff's excessive use of force claim against defendant Cruz without prejudice to further proceedings before the assigned magistrate judge to resolve disputed factual questions relevant to the exhaustion of administrative remedies with respect to that claim as discussed above.

IT IS SO ORDERED.

Dated: **September 13, 2017**

UNITED STATES DISTRICT JUDGE