# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES,<br><br>    Plaintiff,<br><br>v.<br><br>C/O CRUZ, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01184-DAD-BAM-PC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION REQUESTING THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 36) |

Plaintiff Carlos Manuel Flores is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion to request the appointment of counsel, filed August 23, 2017. (ECF No. 36.) In support of his request, Plaintiff states that he is unable to afford counsel, that the issues in his case are complex, that he has limited law library access and limited knowledge of the law, that counsel in this case could better present evidence and witnesses at trial, and that he has made repeated efforts to obtain a lawyer.

As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar claims of excessive force almost daily. Further, at this stage in the proceedings, the Court cannot find any likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, it is HEREBY ORDERED that Plaintiff's second motion for the appointment of counsel, filed August 23, 2017 (ECF No. 36) is denied, without prejudice.

IT IS SO ORDERED.

Dated: **September 19, 2017**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE