# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>C/O CRUZ, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01184-DAD-BAM-PC<br><br>ORDER SETTING DEADLINE FOR MOTION FOR EVIDENTIARY DETERMINATION ON EXHAUSTION OF ADMINISTRATIVE REMEDIES<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE, AS PREMATURE<br>(ECF No. 29)<br><br>Defendant's Motion Due: **September 29, 2017** |

Plaintiff Carlos Manuel Flores is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    Exhaustion of Administrative Remedies**

On August 9, 2017, the undersigned issued findings and recommendations regarding Defendants' motion for summary judgment for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit. (ECF. No. 34.)

On September 14, 2017, the District Judge in this case adopted the findings and recommendations in part, and granted in part and denied in part the motion for summary

1

judgment. (ECF No. 39.) Summary judgment was granted in favor of Defendants Cruz, Gonzales, Custer and Rivera on Plaintiff's deliberate indifference claim for the failure to decontaminate him. However, with respect to Plaintiff's excessive use of force claim against Defendant Cruz, the motion was denied. The District Judge ruled that Plaintiff had presented new evidence after the findings and recommendations were issued which created a genuine issue of material fact regarding the exhaustion of administrative remedies. Thus, summary judgment was denied, without prejudice to further proceedings before the undersigned to resolve those disputed factual questions.

Accordingly, the Court orders that Defendant Cruz may file a motion for an evidentiary determination on the issue of exhaustion of administrative remedies, to address the new evidence Plaintiff has submitted. If Defendant Cruz seeks an evidentiary hearing as part of the motion, the motion shall also set forth the reason for the hearing, the issues to be addressed, and the evidence and witnesses to be presented. Defendant Cruz's motion must be filed no later than **September 29, 2017**.

Plaintiff shall file a response to the motion within twenty-one (21) days of the date the motion is served on Plaintiff. Plaintiff must submit as an exhibit to his response any documentation in support of his contention that he has exhausted his administrative remedies. The documentation must include any copies of any 602 appeal(s) submitted regarding Plaintiff's excessive force claim against Defendant Cruz, any letters or other communications with the Appeals Coordinator or any other prison official regarding this matter, or any other documents concerning this issue. Plaintiff need not resubmit any documents which were already provided by Defendants in support of their original motion. If Plaintiff has no additional documentation to provide, he must submit a declaration stating that fact. Plaintiff may also submit any additional facts, affidavits, or other evidence that he wishes the Court to consider.

Defendant Cruz will be permitted seven (7) days from the date of service of Plaintiff's response to file any reply.

If no motion is filed by the deadline, then this case shall proceed on Plaintiff's claim against Defendant Cruz for excessive force in violation of the Eighth Amendment.

**II.   Plaintiff's Motion for Summary Judgment**

On February 9, 2017, Plaintiff filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 29.)

On January 30, 2017, pre-trial discovery was stayed in this case pending the Court's determination on the issue of exhaustion of administrative remedies. (ECF No. 27) As explained above, issues regarding exhaustion of administrative remedies remain outstanding.

Defendant has also submitted an opposition to Plaintiff's motion for summary judgment, with a declaration in support, asserting that no discovery has been conducted on the factual issues raised in the motion pending the resolution of the issues related to exhaustion of administrative remedies. (ECF No. 31.)

Therefore, Plaintiff's motion for summary judgment is denied, without prejudice, as premature. Fed. R. Civ. P. 56(d) (if nonmovant shows that it cannot present facts essential to justify opposition, the court may deny motion for summary judgment).

**III.   Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1.   No later than **September 29, 2017**, Defendant Cruz may file a motion for an evidentiary determination on the issue of exhaustion of administrative remedies, as explained above;

2.   Plaintiff must a response to the motion within twenty-one (21) days of the date the motion is served on Plaintiff, which must be supported by the documentation or affidavit described above.

3.   Defendant Cruz will be permitted seven (7) days from the date of service of Plaintiff's response to file any reply; and

///
///
///
///

4. Plaintiff's motion for summary judgment (ECF No. 29) is denied, without prejudice, as premature.

IT IS SO ORDERED.

Dated: **September 19, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE