UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C/O CRUZ,<br><br>　　　　　　Defendant. | No. 1:15-cv-01184-DAD-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 20, 23) |

Plaintiff Carlos Manuel Flores appears *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's Eighth Amendment claim against defendant Cruz for excessive use of force, based on events that allegedly took place while plaintiff was housed by the California Department of Corrections at Kern Valley State Prison ("KVSP"). (*See* Doc. No. 39.)

On August 8, 2016, plaintiff Flores filed a motion for a temporary restraining order against all defendants then remaining in the case, alleging that he was subject to a pattern of harassment by the defendants because of his participation in this litigation. (Doc. No. 20.) On September 2, 2016, plaintiff filed a similar motion for a preliminary injunction and temporary restraining order against the same defendants and other unnamed officials due to alleged harassing behavior on their part. (Doc. No. 23.) Plaintiff further requested an order prohibiting

1

defendants from coming within 180 feet of him. (*Id.* at 2.) On August 26, 2016, defendants filed an opposition to plaintiff's first motion. (Doc. No. 21.)

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Intern. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)).[1] The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

In addition, the Prison Litigation Reform Act ("PLRA") "establishes standards for the entry and termination of prospective relief in civil actions challenging conditions at prison facilities." *Miller v. French*, 530 U.S. 327, 333 (2000). Under the PLRA, a court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends

---

[1] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element *Winter* test." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

2

no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." 18 U.S.C. § 3626(a)(2).

Defendant Cruz and the former defendants in this action are currently employed at KVSP, in Delano, California, where the alleged events at issue in this case took place. (Doc. No. 21-2 ¶ 3.) Plaintiff is currently incarcerated at a different institution—California State Prison-Sacramento, in Represa, California. (See Doc. No. 35.)[2] Thus, because plaintiff does not appear to have had any contact with defendant Cruz or the former defendants, his motions for injunctive relief will be denied as having been rendered moot by his transfer. *See Holt v. Stockman*, No. CV-1-04-6073-MHM, 2012 WL 259938, at *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Moreover, plaintiff's motions will also be denied to the extent they are brought against non-parties, because plaintiff has failed to adequately demonstrate that such individuals may be properly bound by the order he seeks. *See* Fed. R. Civ. P. 65(d)(2); *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

For the reasons set forth above,

1. Plaintiff's motion for a temporary restraining order (Doc. No. 20) is denied;

/////
/////
/////
/////

---

[2] In fact, according to his complaint, plaintiff Flores was no longer housed at KVSP at the time he commenced this action. Instead, as he represented that at the time this action was initiated, he was incarcerated at the Richard J. Donovan Correctional Facility, in San Diego, California. (*See* Doc. No. 1 at 1.)

3

2. Plaintiff's motions for a preliminary injunction and temporary restraining order (Doc. No. 23) is denied; and

3. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**September 26, 2017**__  _/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE