# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>C/O CRUZ,<br><br>    Defendant. | Case No. 1:15-cv-01184-DAD-BAM-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br>[ECF Nos. 9, 11]<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Carlos Manuel Flores is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. On September 14, 2015, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 5.) Defendants not yet consented or declined to Magistrate Judge jurisdiction.

On December 4, 2015, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B), and found that it stated a claim against Defendant Cruz for excessive force in violation of the Eighth Amendment, and against Defendants Gonzales, Custer and Rivera for failure to decontaminate Plaintiff. (ECF No. 9.) Plaintiff was provided an opportunity to amend his complaint, or to notify the Court that he was willing to proceed only on the cognizable claims. (Id. at 6.) Following Plaintiff's written notification that he did not intend to amend his compliant, (ECF No. 10), on December 21, 2015, the Court dismissed Plaintiff's claim of retaliation, and Defendants Garza, Lomeli and Nichols, for Plaintiff's failure to state a cognizable claim for relief, (ECF No. 11). The Court indicated that jurisdiction existed under 28

U.S.C. § 636(c), based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (See id. at 1.)

## I.     Williams v. King

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Here, no defendant was yet served at the time that the Court screened the complaint, and therefore none had appeared or consented to Magistrate Judge jurisdiction. Because all defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Accordingly, the Court did not have jurisdiction to dismiss the claims and parties described in its December 21, 2015 order. Because the undersigned nevertheless stands by the analysis in the previous screening order, she will below recommend to the District Judge that the non-cognizable claims be dismissed.

Due to the present posture of this case, these findings and recommendations require some additional clarification. As the parties are aware, the litigation in this case has proceeded through several stages since the complaint was screened in December 2015. On September 14, 2017, the District Judge in this case adopted pending findings and recommendations in part, and granted in part and denied in part a joint motion for summary judgment by Defendants Cruz, Gonzales, Custer, and Rivera. (ECF No. 39.) Summary judgment was granted in favor of Defendants Cruz, Gonzales, Custer and Rivera on Plaintiff's deliberate indifference claim against them for the failure to decontaminate him. As a result, Defendant Gonzales, Custer, and Rivera have been dismissed from this action as a result of that ruling. Their dismissal is not implicated by Williams, as it was done by the District Judge.

With respect to Plaintiff's excessive use of force claim against Defendant Cruz, the motion was denied, without prejudice to further proceedings before the undersigned to resolve disputed issues of fact based on newly submitted evidence after the findings and recommendations were issued. The Court ordered that Defendant Cruz may file a motion for an evidentiary determination on the issue of exhaustion of administrative remedies to address the

new evidence Plaintiff submitted. On December 7, 2017, Defendant Cruz filed that motion, which is still being briefed and remains pending. (ECF No. 46.)

In summary, the Court clarifies for the parties that the instant findings and recommendations only address the claims and defendants which were previously dismissed from this action on December 21, 2015. In making these findings and recommendations, the Court takes no position on the merits of Defendant Cruz's pending motion.

**II.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**III. Allegations**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) currently housed at Salinas Valley State Prison. The events at issue occurred at Kern Valley State Prison. Plaintiff names the following individual defendants: Sergeant Custer; Correctional Officer (C/O) Cruz; C/O Garza; C/O Nichols; C/O Lomeli; Psychiatric Technician Gonzales; Psychiatric Technician Rivera.

Plaintiff alleges that on January 31, 2015, C/O Cruz removed Plaintiff from his cell in retaliation for filing inmate grievances against unit staff. Cruz then placed Plaintiff in mechanical restraints which caused Plaintiff pain. Plaintiff was placed in a holding cage in the unit rotunda. Plaintiff alleges that he became extremely distraught, and began to suffer a panic attack due to his mental health disorder. Plaintiff alleges that his panic attack "caused C/O Cruz to fly into a fit of rage and he began to douse Plaintiff while in restraints while in cage with pepper-spray." (Compl. p. 3.) Plaintiff alleges that Defendants Custer, Gonzales and Rivera all witnessed the incident and refused to decontaminate Plaintiff "for 30 min. to 1 hour." (Id.)

Plaintiff alleges that he suffered "excruciating" effects from the pepper spray and cuts to his wrist from the handcuffs being placed too tightly by Defendant Cruz. Plaintiff alleges that he was pepper sprayed in retaliation for his filing of complaints against C/O Garza, C/O Nichols and C/O Lomeli.

**IV. Discussion**

    **A.    Eighth Amendment**

        **1.    Excessive Force**

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8

(quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at 37(quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

In determining whether the use of force was wanton or and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

The Court finds that, liberally construed, Plaintiff stated a claim for relief against Defendant Cruz for excessive force in violation of the Eighth Amendment. Plaintiff has alleged facts indicating that he was restrained in a holding cage and not offering any resistance when C/O Cruz pepper sprayed him. Plaintiff has also alleged facts, construed liberally, indicating that Plaintiff's handcuffs were so tight that they caused him to bleed.

## 2. Failure to Decontaminate

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413F.3d 1036, 1040 (9th Cir. 2005). A prisoner seeking relief for an Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). "Deliberate indifference" has both subjective and objective components. A prison official must "be aware of facts the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

Liberally construed, Plaintiff stated a claim for relief against Defendants Cruz, Custer, Gonzales and Rivera for failure to decontaminate Plaintiff in violation of the Eighth Amendment.

5

The facts alleged in the complaint indicate that Defendants Custer, Gonzales and Rivera were aware that Plaintiff had been subjected to pepper spray, and waited for thirty minutes to an hour to decontaminate Plaintiff.[1]

**B.    Retaliation**

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Cartier, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 169 (9th Cir. 2009).

Plaintiff summarily alleges that Defendant Cruz removed Plaintiff from his cell and pepper sprayed him in retaliation for filing inmate grievances against C/O Garza, C/O Nichols and C/O Lomeli. This conclusory allegation, with no supporting facts, is insufficient to state a claim for retaliation. Plaintiff does not allege any conduct by Defendants Garza, Nichols, or Lomeli that violated his constitutional rights, despite alleging that they were the subject of some undescribed grievances.

Plaintiff's speculation also fails to link Defendant Cruz's conduct with the filing of inmate grievances by Plaintiff. Plaintiff does not identify when he filed the grievances or why he filed the grievances. Plaintiff does not allege any facts from which the Court can infer that Defendant Cruz's conduct was motivated by Plaintiff's First Amendment activity. That Plaintiff believes Defendant Cruz's conduct was motivated by retaliation is insufficient to state a claim for relief.

**V.    Conclusion and Recommendation**

Plaintiff's complaint stated a cognizable claim against Defendant Cruz for excessive

---

[1] As stated above, Defendants Gonzales, Custer and Rivera have, since the time of screening, been terminated from this action. (Order filed on September 14, 2017, Doc. 39.)

6

force in violation of the Eighth Amendment, and against Defendants Cruz, Gonzales, Custer and Rivera for failure to decontaminate Plaintiff. However, Plaintiff failed to state any claim against Defendants Garza, Nichols, and Lomeli, and failed to state any cognizable claim for retaliation in violation of the First Amendment.

As noted above, Plaintiff was provided an opportunity to attempt to amend his complaint to cure the identified deficiencies. Plaintiff declined to do so and notified the Court in writing that he only wished to proceed on the claims identified as cognizable. Thus, no further leave to amend is warranted here.

For these reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants Garza, Nichols, and Lomeli be dismissed from this action for the failure to state a cognizable claim for relief against them; and
2. Plaintiff's claim for retaliation in violation of the First Amendment be dismissed for the failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 13, 2017**     /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE