# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES,<br><br>           Plaintiff,<br><br>   v.<br><br>C/O CRUZ,<br><br>           Defendant. | Case No. 1:15-cv-01184-DAD-BAM-PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL<br><br>[ECF No. 48]<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Carlos Manuel Flores is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion to dismiss the complaint against Defendant Cruz, filed on December 18, 2017. (ECF No. 48.)[1] Plaintiff states that he wishes to drop this lawsuit due to his religious beliefs. The Court construes Plaintiff's motion as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41. The time for Defendant

---

[1] Findings and recommendations are currently pending that recommend dismissal of Defendants Garza, Nicols, and Lomeli, and of Plaintiff's claim for retaliation in violation of the First Amendment. (ECF No. 47.) Further, by order of the Court filed on September 14, 2017, Defendants Gonzales, Custer, and Rivera have been terminated from this action. (ECF No. 39.) This case otherwise proceeds against Defendant Cruz for excessive force in violation of the Eighth Amendment, pending a ruling on the findings and recommendations.

Cruz to respond to the motion has passed, and no response was filed. The motion is deemed submitted without oral argument. Local Rule 230(l).

**II.     Motion for Voluntary Dismissal**

"[U]nder Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quotation and citation omitted). Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request dismissal after an opposing party has served a motion for summary judgment "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Here, Defendants filed a motion for summary judgment earlier in this case, and proceedings related to Defendant Cruz's motion for summary judgment remain pending. Specifically, Defendant Cruz filed a motion for an evidentiary hearing regarding his motion for summary judgment for the failure to exhaust administrative remedies, which remains pending. (ECF No. 46.) Therefore, Plaintiff's request for dismissal of this action must be made pursuant to Rule 41(a)(2), which is by court order, on terms that the court considers proper.

"A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal." Hepp v. Conoco, Inc., 97 F. App'x 124, 125 (9th Cir. 2004) (citations omitted). "Legal prejudice is prejudice to 'some legal interest, some legal claim, [or] some legal argument.'" Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co., 299 F. App'x 664, 666 (9th Cir. 2008) (quoting Westlands Water Dist. V. United States, 100 F.3d 94, 97 (9th Cir. 1996)).

Unless otherwise specified, dismissal pursuant to Rule 41(a)(2) is without prejudice. It is, however, within a court's discretion to dismiss with prejudice, and dismissal with prejudice is appropriate if it would be inequitable or prejudicial to the defendant to allow the plaintiff to re-file the action. Factors to be considered include: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the actions, and (3) insufficient explanation of the need to take a dismissal." Williams v. Peralta Community College Dist., 227 F.R.D. 538, 540 (N.D. Cal. 2005).

Considering the facts discussed above, dismissal without prejudice is appropriate here. This case is not at a stage at which the parties have expended efforts and expenses preparing for trial. The parties have litigated the issue of exhaustion of administrative remedies at some length, and there is a pending motion on that matter. However, even if that motion were to be granted in Defendant Cruz's favor, the claim against him would nevertheless be dismissed without prejudice. Thus, Defendant Cruz would not suffer a legal prejudice in this matter by a dismissal of Plaintiff's claim, without prejudice.

**III.  Conclusion and Recommendation**

For these reasons explained, IT IS HEREBY RECOMMENDED that Plaintiff's motion to dismiss his claim against Defendant Cruz be granted, without prejudice (ECF No 48.)

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 12, 2018**                   /s/ Barbara A. McAuliffe
                                                                       UNITED STATES MAGISTRATE JUDGE